SUMMONS ISSUED

CV-11 6292

FILED
CLERK'S OFFICE
US DISTRICT COURT E.D N.Y

★ DEC 23 2011 ★

LONG ISLAND OFFICE

GARAUFIS, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SHIMON GOTLIB on behalf of himself and
all others similarly situated

                        Plaintiff,

              -against-

COHEN & SLAMOWITZ, LLP

                        Defendant.
-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Shimon Gotlib seeks redress for the illegal practices of Cohen & Slamowitz, LLP concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4. Upon information and belief, Cohen & Slamowitz, LLP is a New York limited liability partnership with its principal place of business located in Woodbury, Nassau County, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Shimon Gotlib*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On November 26, 2011 The The Law office of Cohen & Slamowitz left a message on plaintiff's voice mail stating " My name is Eric Wilkins calling from The Law office of Cohen & Slamowitz please return my call at 1-800-293 6006 ext 8660. . . "

11. Said message communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense hence this message violates Section 1692e(3). See, e..g Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

12. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3). The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e.g. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.).

13. The same applies to a prerecorded or human voice-mail message, because a voice mail message containing a law-firm audio caption such as -- " " " My name is Eric Wilkins calling from The Law office of Cohen & Slamowitz please return my call at 1-800-293 6006 ext 8660) would imply meaningful attorney involvement, which does not exist absent participation by an attorney in the debt-collection process. See, e.g., Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005) ("[W]e [have] established that a letter sent on law firm letterhead . . . does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in

fact, engaged in that implied level of involvement, the letter is . . . misleading within the meaning of the FDCPA.").

The Second Circuit confronted similar facts in Clomon. There, the attorney defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not 'from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

While many courts have ruled (see e.,g Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011); that under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. When a debt collection law firm like **The Law office of Cohen & Slamowitz** chooses to leave a voice mail message on the debtors answering machine which uses the words **The Law office of Cohen & Slamowitz,** before any direct and personal involvement (" with the debtor's account — such as reviewing the debtor's file) - then - (absent any clear disclosure that no attorney has reviewed the particular account) this message violates Section 1692e(3) See also e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message

that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."

14. Defendant, as a matter of pattern and practice, leave voice mail messages, or cause voice mail messages to be left on debtors answering machines, using language substantially similar or materially identical to that utilized by Defendant in the above-cited message which was left on Plaintiff's answering machine on November 26, 2011.

15. Defendant, and its collectors, leave thousands of voice mail messages like the one left for Plaintiff without conducting any meaningful review of the accounts.

16. The human and or prerecorded voice mail messages Defendants leave, or cause to be left on debtors answering machines, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, Robo calling technologies, dialers and electronic databases.

17. The November 26, 2011, communication is a standardized prescript-ed voice mail.

18. Although The Law offices of Cohen & Slamowitz may technically be a law firm, it was not acting in the capacity of a law firm with respect to the November 26, 2011 voicemail. The inclusion of "Law Firm" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

19. If The Law offices of Cohen & Slamowitz desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the law of the Second Circuit; so long as its each and every one of its standardized

communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up." See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.

20. Upon information and belief, Eric Willkins is not an attorney and, therefore, is not licensed to practice law in the State of New York or any other State.

21. At no time did Mr Eric Willkins indicate in the foregoing message that he is actually a non-attorney debt collector.

22. The telephone number 800-293-6006 is answered by persons who are employed by The Law offices of Cohen & Slamowitz as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

23. On or about November 29, 2011, Defendants printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in and effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendants' November 29, 2011 communication is attached hereto.

24. Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

25. Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

26. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

27. The November 29, 2011, communication is a standardized form letter.

28. Although Cohen & Slamowitz may technically be a law firm, it was not acting in the capacity of a law firm with respect to the November 29, 2011, letter.

29. The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

30. Cohen & Slamowitz' taking advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities is free to do so under the law of the Second Circuit, so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this

-7-

deceptively sends the message that the "price of poker has gone up." See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293(E.D.N.Y.2005). The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.

See, e..g Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

31. Defendant sent the plaintiff an initial letter dated November 15, 2011; however, the said letter was not postmarked until December 8, 2011.

32. As set forth above, the defendant left a message for the plaintiff on November 26, 2011.

33. Being that the letter was not mailed until December 8, 2011, the November 26, 2011 is deemed to be the initial communication.

34. In the November 26, 2011 initial communication from the defendant, the defendant failed to set forth the 1692e(11) more detailed information required for an initial communication.

35. Being that the initial letter was not to the plaintiff within five days of the initial communication, the plaintiff did not receive his 1692g rights of dispute and verification in a timely fashion.

36. In addition, the November 29, 2011 failed to set forth the 1692g rights as it was the actual second communication.

37. Defendant has violated 1692c, 1692e(3), 1692e(10), 1692e(11) and 1692g.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

38. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-37 as if set forth fully in this cause of action.

39. This cause of action is brought on behalf of plaintiff and the members of various classes.

40. Class A consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives which stated that the message was from the Law Office of Cohen & Slamowitz but which failed to qualify that the message was being left from a non-attorney debt collector similar to the message left for the plaintiff on November 26, 2011 (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

41. Class B consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives which stated that the message was from the Law Office of Cohen & Slamowitz but which failed to qualify that the debt had not been reviewed by an attorney similar to the message left for the plaintiff on November 26, 2011 (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

42. Class C consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection

representatives which was the initial communication from the defendant and which failed to set forth the 1692e(11) language for initial communications similar to the message left for the plaintiff on November 26, 2011 (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(11) and 1692e(10).

43. Class D consists of all persons whom Defendant's records reflect resided in the New York State and who received the text of the November 29, 2011 letter (a) from the defendant which was the initial written communication from the defendant which failed to set forth the plaintiff's right to dispute the debt and seek verification thereof and which led the consumer to believe that letter was sent from a law firm in the meaningful sense where an attorney had reviewed the file similar to the November 29, 2011 sent to plaintiff which was not returned or undelivered by the post office (b) the letter was sent concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692g.

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephone messages and letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephone messages and letters. (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

48. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
December 21, 2011

_____
Adam J. Fishbein  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

-12-

# Law Office of
# Cohen & Slamowitz, LLP

(800) 293-6006 ext. 8982
(516) 686-8982
Fax (516) 584-1006
From Representative: SHANA HUSSAIN

199 Crossways Park Drive
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

November 15, 2011

SHIMON GOTTLIEB
[address redacted] ST APT 1
BROOKLYN NY 11228

Re: Creditor: DISCOVER BANK
Account No: [redacted]
C&S File No: D33443
Balance Due As Of November 15, 2011: $10,598.10

Dear SHIMON GOTTLIEB:

This letter is to notify you that Discover Bank has retained this firm to collect its claim against you for the balance owing on your Discover Card account. Please contact us to discuss the repayment options available to you.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

### VALIDATION NOTICE

Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, the above debt will be assumed to be valid by this office. Should you notify this office in writing within 30 days after receipt of this notice that the debt or any portion thereof is disputed, we will obtain and mail to you verification of the debt or a copy of the judgment, if any, and if also requested, the name and address of the original creditor, if different from the current creditor.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Law Office of Cohen and Slamowitz, LLP

P.S. All payments should be forwarded directly to this office and made payable to DISCOVER BANK. Our office also accepts Western Union, Money Gram, MasterCard, Visa, and checks via telephone. Visit our website at **WWW.CSLAWLLP.COM** to make payments online.




**COHEN & SLAMOWITZ, LLP**
TWO CROSSWAYS PARK DRIVE
P.O. BOX 9004
WOODBURY, NY 11797-9004

RETURN SERVICE REQUESTED

P.O. BOX 9012
WOODBURY, NY 11797-9012

# Law Office of
# Cohen & Slamowitz, LLP

(516) 686-8982
(800) 293-6006 ext 8982
Fax (516) 908-7993
Firm Representative: Eric Wilkins

November 29, 2011

RE:
**Debtor: Shimon Gottlib**
Creditor: Discover Bank
Account Number: ███████
C&S File Number: D114443
Balance as of November 29, 2011: $10,298.10

SHIMON GOTTLIB
462 MELROSE ST APT 1
BROOKLYN, NY 11235

Dear Shimon Gottlib:

Please be advised that this office represents Discover Bank in connection with your outstanding bill. Discover Bank has retained us to work with you to resolve this matter to your satisfaction. We understand that your finances may not allow payment of the balance in full at this time. As a result, we are authorized to offer the following three options:

| | |
|---|---|
| **Option 1:** 35% Discount<br>Payment Due Date: December 20, 2011 | One Payment of Only<br>$6,693.77 |
| **Option 2:** 20% Discount<br>First Payment Due Date: December 20, 2011 | 3 Monthly Payments of Only<br>$2,746.16 |

**Option 3:** 24 Monthly Payments; First Payment of $429.26 due December 20, 2011. Followed by 23 monthly payments of $429.08 starting on January 20, 2012.

Please use the bottom portion of this letter to indicate the preferred option. We are enclosing a business reply envelope for your convenience. If you would like to discuss your account with one of our account representatives, please call us at the telephone number set forth above. Kindly reply to us by December 20, 2011 as these options may not be available to you after this date.

Very truly yours,

Cohen & Slamowitz, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

Please detach and return this portion with your payment

| Method of Payment | |
|---|---|
| ☐ Visa  ☐ MasterCard | |
| Acct Number | Amount |
| Signature | Exp Date |

Creditor: Discover Bank
C&S File Number: D114443

Current Balance: $10,298.10 as of November 29, 2011
Offer Expires On: December 20, 2011

OPTION SELECTED (please check one):
☐ 1 PAYMENT OF $6,693.77  ☐ 3 PAYMENTS OF $2,746.16 EACH  ☐ 24 PAYMENTS, 1ST PAYMENT $429.26

AMOUNT ENCLOSED $ _____

P.S. Our office accepts Western Union, Money Gram, MasterCard, VISA, debit cards and electronic bank deductions or visit our website at **www.cslawllp.com** to make payments online. All payments should be made payable to Discover Bank.